UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eduardo O.,                                    File No. 26-cv-1587 (ECT/SGE)

          Petitioner,

v.                                             **OPINION AND ORDER**

Pamela Bondi, *Attorney General*; Kristi
Noem, *Secretary, U.S. Department of*
*Homeland Security*; U.S. Department of
Homeland Security; Todd M. Lyons,
*Acting Director of Immigration and*
*Customs Enforcement*; David Easterwood,
*Acting Director, Saint Paul Field Office*
*Immigration and Customs Enforcement*, and
Eric Tollefson, *Sheriff of Kandiyohi County*,

          Respondents.

---

Mackenzie R. Moy, Zelle LLP, Minneapolis, MN, for Petitioner Eduardo O.

Shannon S. Smith, DOJ-USAO, Little Rock, AR; and David W. Fuller, United States
Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd
M. Lyons, David Easterwood, and Eric Tollefson.

---

Petitioner Eduardo O. is a citizen of El Salvador who has lived in the United States

since "on or about 2007." Pet. [ECF No. 1] ¶ 13. Eduardo "has pending immigration

proceedings and does not have a final order of removal." *Id.* ¶ 14. On January 12, 2026,

Eduardo was arrested by "Respondent agents" near his home in West St. Paul, Minnesota.

*See* ECF Nos. 13, 16. "The agents did not appear to know who [Eduardo] was, and [they]

did not present a warrant." *Id.* ¶ 16. Eduardo is currently detained in the Kandiyohi County

jail in Minnesota. *See* ECF No. 17. Respondents[1] do not dispute the Petition's factual allegations. *See* ECF No. 5.

Eduardo challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 2. He claims he has been wrongly classified as an 8 U.S.C. § 1225(b)(2) detainee (whose detention is mandatory) rather than an 8 U.S.C. § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 24–27; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Eduardo, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. *See* Pet. ¶¶ 28–44. Eduardo seeks issuance of a writ of habeas corpus directing his release unless he is provided a bond hearing under 8 U.S.C. § 1226(a); if his release is ordered, that he be released in Minnesota without conditions of release, except for those to ensure his safety and the return of his personal effects; issuance of an order enjoining his transfer outside this District during the pendency of his Petition; that this Court retain jurisdiction over the matter to decide any future motion for attorneys' fees and costs; and "any other and further relief that this Court may deem just and proper." *See id.* at 16–17.

Recognizing that "[t]his petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided," Respondents argue that Eduardo is subject

---

[1]     When used in this Order, "Respondents" refers to the federal officials named as Respondents. Respondent Eric Tollefson, the Kandiyohi County Sheriff, has not appeared in these proceedings. *See* Dkt.

to mandatory detention under 8 U.S.C. § 1225(b)(2), relying on their position in the appeal of *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). *See* ECF No. 5 at 1–2. This raises an issue of statutory interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Eduardo has shown he has been misclassified under § 1225(b)(2) rather than § 1226(a). As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, two federal courts of appeals have ruled on the question, one reaching and one rejecting

---

[2]    To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Eduardo's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

this conclusion.  *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1062

(7th Cir. 2025) (concluding that respondent was not likely to prevail on the merits that

petitioner was subject to mandatory detention under § 1225(b)(2)); *Buenrostro-Mendez v.*

*Bondi*, --- F.4th ---, Nos. 25-20496, 25-40701, 2026 WL 323330, at *1 (5th Cir. Feb. 6,

2026) (finding petitioner was subject to mandatory detention under § 1225(b)(2)).  Eduardo

has lived in the United States for approximately 19 years, Pet. ¶ 13, and I find his detention

falls under § 1226(a) and not § 1225(b)(2).[3]

The final issue is the appropriate remedy.  Section 1226 provides that "*[o]n a*

*warrant issued by the Attorney General*, an alien may be arrested and detained."

8 U.S.C. § 1226(a) (emphasis added).  "Issuance of a warrant is a necessary condition to

justify discretionary detention under section 1226(a)."  *Chogllo Chafla v. Scott*,

804 F. Supp. 3d 247, 264 (D. Me. 2025), *appeal filed* (Nov. 6, 2025).  "[I]t follows that

absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)."  *Id.*

(emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025

WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025

WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*,

660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless

an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then

the subsequent provisions giving the Attorney General discretion to detain or release 'the

---

[3]     Respondents do not argue that Eduardo is subject to mandatory detention pursuant
to 8 U.S.C. § 1226(c), or that any other statutory scheme other than that raised in the
Petition would apply to Eduardo's detention.  *See* ECF No. 5.

4

arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023).   Eduardo alleges that he was arrested without a warrant.  *See* Pet. ¶ 16. Respondents have not produced any warrant, nor have they advanced any basis for a warrantless arrest.  *See* ECF No. 5.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate."  *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS), slip op. at 6 (D. Minn. Dec. 19, 2025) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).   "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings."  *Id.*; *see Chogllo Chafla*, 804 F. Supp. 3d at 264 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[4]

---

[4]    The resolution of this statutory-interpretation question in Eduardo's favor makes it unnecessary to address the Petition's remaining grounds.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Eduardo O.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1.    Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2.    Respondents shall release Petitioner from custody as follows:

    a.    If Petitioner remains detained in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

    b.    If Petitioner has been moved outside of Minnesota, as soon as practicable, but not later than 72 hours after entry of this Order, Respondents shall return Petitioner to Minnesota and then release Petitioner from custody.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 25, 2026, at 4:15 p.m.          s/ Eric C. Tostrud
                                                 Eric C. Tostrud
                                                 United States District Court